UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NIKHIL BHARADWAJ JOIS,<br><br>          *Plaintiff*,<br><br>  v.<br><br>INDIANA UNIVERSITY, INDIANA UNIVERSITY BOARD OF TRUSTEES, EMILY C. WALVOORD, JAY L. HESS, IYABODE OKORO, ANDREW S. DEANE, MICHAEL J. KLEMSZ, ABIGAIL KLEMSZ, and JOHN DOES 1-25,<br><br>          *Defendants*. | Case No.: 1:24-cv-01509-JPH-MKK |

## CASE MANAGEMENT PLAN

**I.**    **Parties and Representatives**

    A.   Plaintiff:   Nikhil Bharadwaj Jois

         Defendants:   Indiana University, Indiana University Board of Trustees, Emily C. Walvoord, Iyabode Okoro, Abigail Klemsz, and John Does 1-25

    B.   Plaintiff's counsel:   Lawrence A. Katz
                               LENTO LAW GROUP P.C.
                               3000 Atrium Way, Suite #200
                               Mt. Laurel, New Jersey 08054
                               Telephone Number: (856) 652-2000, Ext. 497
                               Email: lkatz@lentolawgroup.com

         Defendant's counsel:   Hamish S. Cohen (#22931-53)
                               Brian Weir-Harden (#27651-49)
                               MATTINGLY BURKE COHEN & BIEDERMAN LLP
                               155 East Market Street, Suite 400
                               Indianapolis, IN 46204
                               Telephone Number: 314-614-7320
                               Emails: Hamish.Cohen@mbcblaw.com
                                         Brian.Weir-Harden@mbcblaw.com

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.**     **Jurisdiction and Statement of Claims**

    A.    The parties agree that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because of federal law claims arising under the constitution and statutes of the United States and as there exist claims based upon 42 U.S.C. § 1983, Title VI of the Civil Rights Act of 1964, Title III of the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

    B.    Plaintiff's Claims:   Plaintiff suffered from mental health issues, including severe anxiety, which were known by the defendants.  None-the-less, not only did the defendants refuse to provide necessary accommodations for plaintiff to be able to successfully function in the medical school environment, but it engaged in multiple activities that exacerbated his conditions.  As a result, plaintiff was prevented from succeeding in his medical school education.  Furthermore, because of both his disability and his Sikh or Indian ethnicity, he was targeted by the University.  This "targeting" further exacerbated plaintiff's mental health issues and further impeded his school performance.  Finally, the defendants breached its contractual duties to provide plaintiff with necessary educational tools, also resulting in his increased mental health issues.  This conduct violated federal statutes, the Constitutional protections, and the defendant's own internal procedures and documentation.  As a result of this, plaintiff was terminated and/or forced to withdraw and end his medical school education, resulting in the damages plead.

    C.    Defendant's Claims: Plaintiff failed to plead a case against Defendants, and his claims will fail as a matter of law.  Plaintiff never provided Defendants with sufficient notice of his mental health diagnosis, nor did he demonstrate that he had a record of impairment that substantially limited his ability to perform academically.  With respect to his ethnicity, Defendants deny that Plaintiff was treated differently because of his Sikh or Indian origin in violation of Title IV of the Civil Right Act.  Plaintiff's alleged Fourth Amendment or contractual claims – predicated on alleged violations of due process – fail because he received the benefit of the lawful academic processes and procedures afforded all equally situated medical students experiencing academic difficulties consistent with Indiana University School of Medicine ("IUSM") lawful policies.  Indeed, Plaintiff's dismissal from IUSM was the result of poor academic performance relating primarily to his failure to pass a non-party, standardized test.  It was not the result of disparate treatment because of his ethnicity or a now-alleged disability. In short, Plaintiff's claims are without merit.  Upon completion of discovery, Defendants intends to move for summary judgement.

**III.**     **Pretrial Pleadings and Disclosures**

B. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **Thursday, January 2, 2025**.

B. Plaintiff(s) shall file preliminary witness and exhibit lists on or before **Thursday, January 9, 2025**.

C. Defendant(s) shall file preliminary witness and exhibit lists on or before Thursday, **January 16, 2025**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **Friday, January 31, 2025**.

E. Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **Friday, January 31, 2025**. Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before Thursday, **September 4, 2025**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before Friday, **October 3, 2025**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **Monday, March 3, 2025**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **Tuesday, November 4, 2025**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general

   statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>. The Parties do not anticipate the production of a significant amount of ESI. Any ESI produced shall be produced pursuant to the following claw-back provision:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. <u>Discovery[1] and Dispositive Motions</u>

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff: Not at this time.

Defendant: Defendants posit this case will be appropriate for summary judgement. Defendants will demonstrate there are no genuine issues of material fact as set forth above and as such Defendants anticipate seeking summary judgment in this matter.

B. On or before **Tuesday, July 8, 2025**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

__X__ Track 2: Dispositive motions are expected and shall be filed by **Thursday, September 4, 2025**; non-expert witness discovery and discovery relating to liability issues shall be completed by **Tuesday, July 1, 2025**; expert witness discovery and discovery relating to damages shall be completed by **Thursday, December 4, 2025**. All remaining discovery shall be completed by no later than 16 months from Anchor Date. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

<u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

V. **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in June 2025.**

VI. **Trial Date**

The parties request a trial date in <u>June, 2026</u>. The trial is by jury and is anticipated to take <u>four days</u> hours/days. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the

presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.** **Referral to Magistrate Judge**

    A.    **Case**.  At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

    B.    **Motions**.  The Parties do not consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

**VIII.** **Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial.  This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial.  Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation.  Make the original exhibits available for inspection by opposing counsel.  Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court.  Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the

            portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**

None.

Respectfully submitted,

| | |
|---|---|
| **LENTO LAW GROUP P.C.** | **MATTINGLY BURKE COHEN & BIEDERMAN LLP** |
| *s/ Lawrence A. Katz, Esq* | */s/ Brian Weir-Harden* |
| Lawrence A. Katz | Hamish S. Cohen (#22931-53) |
| NJ Bar No. 027051988 | Brian Weir-Harden (#27651-49) |
| 3000 Atrium Way, Suite #200 | 155 East Market Street, Suite 400 |
| Mt. Laurel, New Jersey 08054 | Indianapolis, IN 46204 |
| Telephone: (856) 652-2000, Ext. 497 | Telephone: (314) 614-7320 |
| lkatz@lentolawgroup.com | Emails: Hamish.Cohen@mbcblaw.com |
| | Brian.Weir-Harden@mbcblaw.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

*************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT .M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____             _____
Date                                                                           U.S. District Court
                                                                                      Southern District of Indiana