UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NIKHIL BHARADWAJ JOIS,<br><br>Plaintiff,<br><br>v.<br><br>INDIANA UNIVERSITY,<br>INDIANA UNIVERSITY BOARD OF TRUSTEES,<br>EMILY C. WALVOORD,<br>IYABODE OKORO,<br>ABIGAIL KLEMSZ,<br>JOHN DOES 1-25,<br><br>Defendants. | ) | No. 1:24-cv-01509-JRS-MKK |

**Order on Motion for Bill of Costs**

On September 30, 2026, the Court granted Defendants Indiana University, Board of Trustees of Indiana University, Dr. Abigail Klemsz, Dr. Iyabode Okoro, and Dr. Emily C. Walvoord's Motion for Summary Judgment. (ECF No. 64.) Pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Southern District of Indiana Local Rule 54-1, Defendants now move for approval and entry of their Bill of Costs. (ECF No. 66.) The total taxable amount Defendants seek is $3,423.90, which are the costs incurred to obtain transcripts of Plaintiff Nikhil Bharadwaj Jois' deposition, (Invoice, ECF No. 66-1, at 2), Dr. Walvoord's deposition, (*id.* at 1), and Dean Jay Hess' deposition, (*id.* at 3). No objection has been filed to these costs.

"Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs," *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013), which is "difficult to overcome." *Richardson v. Chi. Transit Auth.*, 926 F.3d 881, 893 (7th Cir.

2019) (quoting *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)). "[T]he court must award costs unless it states good reasons for denying them." *Id.* "The presumption applies only to those costs that are enumerated in 28 U.S.C. § 1920[.]" *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022). In determining whether costs should be awarded, the Court asks (1) whether the cost is recoverable, and (2) if so, whether the amount assessed is reasonable. *Id.*

The Court finds both requirements are met here. First, the costs for obtaining deposition transcripts are recoverable. Fees for printed and electronically recorded transcripts, 28 U.S.C. § 1920(2), and copies of those transcripts, *id.* § 1920(4), are statutorily authorized.

Second, the amount assessed for those deposition transcripts is reasonable. A deposition transcript need not "be 'absolutely indispensable in order to provide the basis of an award of costs.'" *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000) (quoting *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993)). In the context of deposition costs, "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken." *Cengr Fusibond Piping Systems*, Inc., 135 F.3d 445, 455 (7th Cir. 1998); *see also* 28 U.S.C. § 1920(2).

Here, all three depositions were reasonably necessary to the case. Jois's deposition transcript was reasonably necessary for the case, as the Defendants cited it in their summary judgment brief and the Court relied upon it in granting summary judgment. (*See* Defs.' Summ. J. Br., ECF No. 45; Order Granting Summ. J, ECF No. 64.) While the deposition transcripts of Dean Hess and Dr. Walvoord were not used

in Defendants' brief, "the introduction of a deposition in a summary judgment motion or trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr*, 135 F.3d at 455. Obtaining the transcripts of Dr. Walvoord, a defendant involved in the events giving rise to Jois's disability claims, and Dean Hess, a non-party[1] involved in Jois's dismissal from medical school, (*see* Compl. ¶ 209-15, ECF No. 1), was reasonably necessary for the preparation of Defendants' case. Moreover, Defendants support their request with itemized invoices, (*see* ECF No. 66-1), which confirm the reasonableness of the amounts assessed.

Generally, only misconduct by the prevailing party or the losing party's inability to pay will justify denying costs. *See Weeks*, 126 F.3d at 945. By not responding, Jois has failed to meet "[his] burden of an affirmative showing that taxed costs are not appropriate." *Richardson*, 926 F.3d at 893. The Court finds the costs appropriate.

**Conclusion**

For the foregoing reasons, Defendants' Motion for Bill of Costs, (ECF No. 66), is **granted**. Plaintiff is **ordered to pay $3,423.90** to Defendants. The Clerk **shall tax** costs in the amount of **$3,423.90** and include them in the judgment.

**SO ORDERED.**

Date: 11/2/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

[1] Jois originally also sued Dean Hess, but the parties stipulated to dismissing him as a defendant. (ECF No. 17.)

Distribution by CM/ECF to registered counsel of record